FREDERICK R. WILSON

*v.*

FANNY N. DRESSER.

*Filed at Ottawa May 13, 1891.*

APPEAL—*whether freehold involved—partition—cloud upon title.* Where the very gist of the litigation in a bill for partition and removal of clouds upon the title is the fee to the land, and adverse claims of title are put in issue and decided, so that the necessary result of the decree is that one party gains and another loses the title, a freehold will be directly involved, and the Appellate Court will have no jurisdiction of an appeal from the final decree.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. THORNTON & CHANCELLOR, for the appellant:

The decree in this case purported to be a decree in partition, but in effect was a judgment in ejectment. From this decree Frederick R. Wilson, who is and has been for twenty-five years in possession of the property sought to be partitioned, prayed an appeal to the Appellate Court. Upon the motion of the complainant, the Appellate Court dismissed the appeal on the ground that the freehold was involved. From this dismissal we have appealed to this court, and have, at the same time, prosecuted to the Superior Court a writ of error that the case may be heard upon the merits, should the decision of the Appellate Court be affirmed.

A partition suit is in the nature of an accounting between co-tenants concerning their relative rights in and to the property held in common. The freehold is not involved.

It is not and never has been claimed by appellee or her counsel that Frederick R. Wilson was a co-tenant. But it is admitted that he has a separate and distinct title to the prop-

erty, coupled with a possession, open and adverse, for over twenty years.

It is true that the decree entered in the Superior Court involved the freehold; but the fact that the judge did involve the freehold and usurped the rights of the law side of his court, which has exclusive jurisdiction of ejectment, is one of the errors of which we complain.

If it was error to involve the freehold, and enter, instead of · a decree in partition, a judgment in ejectment, then, strictly speaking, a freehold was not involved, and because the judge did involve the freehold in his decree, and made, as we think, an error in so doing, we appealed to the Appellate Court.

Mr. AUGUSTUS N. GAGE, for the appellee:

The statutes of the State of Illinois provide that appeals from decrees where a freehold is involved shall be prosecuted to the Supreme Court, and not to the Appellate Court, and therefore; if in the case before us there is a freehold involved, the appeal was improperly brought to the Appellate Court, and should have been prosecuted directly to the Supreme Court. The statement of the case already herein made is sufficient to show to the court that a freehold is involved. The bill was filed for a partition of real estate, to establish title and to set aside clouds upon the title to the land. The decree, rendered in accordance with the prayer of the bill, decrees a partition, establishes title, and removes clouds therefrom.

The decree found that Wilson had no title in the land, but that the title was in Fanny N. Dresser and Henry H. Gage. The appeal to the Appellate Court sought to reverse this decree, and to obtain from said court an adjudication that the title to the land is not in Fanny N. Dresser and Henry H. Gage, but in Frederick R. Wilson.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a bill in chancery, brought by Fanny N. Dresser against Lilly Belle Dresser, Henry H. Gage, Julia Wilson, Charles Grabeck and Laura Caulfield, alleging that the complainant is the owner in fee of an undivided two-thirds and defendant Lilly Belle Dresser of an undivided one-third of the east half of lot 11, block 43, Canal Trustees' Subdivision, etc., in Cook county; that defendant Henry H. Gage claims some interest in said premises by virtue of one or more tax deeds and the payment of sundry taxes, but that his claim is of no validity except as an equitable lien on said premises for the amount of taxes paid and interest; that defendant Julia Wilson claims to have some interest in said premises the nature of which is unknown to the complainant, but that said interest is of no validity whatever; that said Julia Wilson executed and delivered to defendant Charles Grabeck a lease of said premises dated February 18, 1886, and recorded in the office of the recorder of said county, and that said Grabeck, at about the date aforesaid, took possession of said premises under said lease as the tenant of said Julia Wilson, and afterwards placed certain persons whose names are unknown to the complainant in possession thereof under him, and has been collecting the rents of said premises and appropriating the same to his own use and to the use of said Julia Wilson; that the claims of said Gage, Wilson and Grabeck to said premises are a cloud upon the title of the complainant and her co-tenant Lilly Belle Dresser, and should be removed as such; that defendant Laura Caulfield has a deed of said premises dated March 14 and recorded March 15, 1865; that said deed was not intended to convey any title to her, but that it constitutes a cloud upon said title and should be removed; that by reason of said clouds on said title the complainant is unable to make any amicable partition with her co-tenant, and she and her co-tenant are unable to sell said premises at their proper value. The bill

prays, among other things, for a removal of said clouds from said title, and for a partition of said premises between the complainant and her co-tenant.

Afterward the death of Julia Wilson was suggested on the record, and by leave of the court, the bill was amended by making Frederick R. Wilson, her executor and devisee a party defendant. Frederick R. Wilson appeared and filed a plea, neither admitting nor denying the matters set forth in the bill, but alleging that Julia Wilson, by virtue of a certain deed made and executed to her by said defendant July 6, 1877, had title to said premises until the day of her death, which occurred December 15, 1887; that said deed was in the nature of a trust deed; that for more than twelve years prior to the giving of said deed to Julia Wilson, said defendant was in the actual, notorious, continued and open possession of said premises; that from and after the making of said deed, said Julia Wilson went into possession of said premises and continued in the actual, notorious and uninterrupted possession thereof until the day of her death, at which time said possession came back to said defendant by virtue of the last will and testament of said Julia Wilson, and by virtue of said defendant being the brother and only heir at law of said Julia Wilson, and that said defendant has since that time held the actual, notorious and open possession of said premises; that for more than seven years last past said defendant has paid all the taxes on said premises, and has for more than twenty years last past constructed, altered and maintained all of the improvements thereon, and is at the present time in the possession of said premises paying the taxes and maintaining the improvements.

Defendant Gage answered setting up title to himself in said premises by virtue of certain tax deeds, and alleging the validity of said deeds.

The complainant afterward amended her bill alleging that on the 31st day of August, 1878, defendant Frederick R. Wilson was adjudged a bankrupt by the District Court of the

United States for the Northern District of Illinois; that Robert E. Jenkins was appointed his assignee, and that whatever property, real or personal, said Wilson then had became vested in said assignee; that the conveyance of said premises by Frederick R. Wilson to Julia Wilson made prior to said adjudication of bankruptcy was in fact made in trust to secure certain alleged indebtedness, leaving the equity of redemption in said Frederick R. Wilson, and that said equitable interest passed to said Jenkins by said deed of assignment; that said indebtedness has been paid and satisfied, thus vesting in Jenkins whatever title Wilson had prior to his conveyance to Julia Wilson. By said amendment said Jenkins was made a party defendant to said bill.

Jenkins answered admitting his appointment as assignee of Wilson, and alleging that by virtue of the deed of assignment to him he became vested with whatever title to said premises Wilson then had, and that at the time of said answer, said title remained vested in him as assignee; that said bankrupt did not schedule any interest in said property, and that knowledge of such interest did not come to said defendant until after the commencement of this suit.

The complainant afterward filed a supplemental bill alleging that, since the filing of her original bill, said Jenkins, as assignee of Wilson, had sold and conveyed said premises to Taylor A. Snow; also that defendant Gage had purchased all the interest of Lilly Belle Dresser in said premises. The supplemental bill makes Taylor A. Snow a party defendant.

Snow answered admitting the purchase of Wilson's interest from Jenkins, and Gage answered admitting that he had purchased the interest of Lilly Belle Dresser. Wilson filed a plea to the supplemental bill reiterating in substance, the matters set up in his plea to the original bill, and also answered the amended bill denying that at the time of the assignment to Jenkins, he held any equitable interest in said premises, or that his deed to Julia Wilson was a trust deed given to secure

any indebtedness, or that Julia Wilson held said premises in trust. He alleged that said deed was an absolute quit claim deed and conveyed and was intended to convey all his interest in said property to her. He also denied that complainant or Lilly Belle Dresser had any interest in said premises.

Defendants Charles Grabeck and Laura Caulfield were defaulted for want of answers, and the cause being heard on pleadings and proofs, a decree was rendered finding that Julia Wilson died testate, and that by her will she devised to Frederick R. Wilson all the interest she had in said property at the time of her death; that Lilly Belle Dresser had conveyed her interest in said property to Gage; that Jenkins had sold all his interest therein to Snow; that at the time of the commencement of this suit, the complainant and Lilly Belle Dresser were the owners of said premises as tenants in common, the complainant having derived title thereto by mesne conveyances from the United States, and having conveyed an undivided one-third interest in said property to Lilly Belle Dresser, and that complainant and Gage are now the owners of said property as tenants in common, the complainant owning two-thirds and Gage one-third; that Gage's claim under his tax deeds has been amicably adjusted between him and the complainant; that defendant Frederick R. Wilson has no interest in said property; that all of his interest passed to his assignee in bankruptcy, and has been sold by said assignee to said Snow, who is now the owner thereof, and that Snow has made amicable arrangements with the complainant and Gage, and as between them there is no controversy, they having agreed upon a partition of their rights and interests; that Charles Grabeck has now no interest in said property; that the deed to Laura Caulfield was not given or received as a deed of conveyance or intended to convey any interest to her, but that said deed is a cloud upon the title of the complainant and Gage and should be removed. It was thereupon decreed that the complainant was the owner of two-thirds and Gage of one-

third of said premises, subject to certain agreed equities in, favor of Snow and Gage; that the interest of Wilson had passed to and was now in Snow; that Wilson had no interest in said property individually or as the executor of Julia Wilson, and it was ordered that his claim be removed as a cloud upon said title, and that he and all parties claiming under him be perpetually enjoined from claiming any interest in said property. The usual decree was thereupon rendered for a partition of said premises between the complainant and Gage, and appointing commissioners, etc.

From that decree said Wilson appealed to the Appellate Court and assigned various errors, and among others that the court erred in finding and decreeing that at the time of the commencement of the suit the complainant and Lilly Belle Dresser were the owners of the premises in controversy as tenants in common; in finding and decreeing that the complainant and Gage are now the owners in fee of said premises as tenants in common; in finding and decreeing that said Wilson has no interest in said premises and enjoining him from asserting any claim thereto; in finding and decreeing that said Snow is the owner of the right and interest formerly belonging to said Wilson; in decreeing a partition between the complainant and Gage, and in not dismissing the bill for want of equity. In the Appellate Court the appeal was dismissed for want of jurisdiction, that court being of the opinion that the case involves a freehold. From said judgment of dismissal said Wilson has now appealed to this court.

There can be no doubt of the correctness of the conclusion reached by the Appellate Court. A mere statement of the pleadings, decree and assignment of errors is sufficient to show beyond controversy that the fee to the premises in dispute is the very gist of the litigation. Wilson claims to be the owner of the fee acquired by more than twenty years' adverse possession under claim of title. The complainant claims that she and Gage are the owners of the fee as tenants in com-

mon acquired by mesne conveyances from the United States. These conflicting claims of title are settled by the decree in favor of the complainant, and from that decree the appeal is taken. Not only is the ownership of the fee put in issue by the pleadings, but the necessary result of the decree is that one party loses and the other gains a freehold. It would have been manifestly impossible for the Appellate Court to pass upon the errors assigned without determining to which of these parties the freehold belongs and that is a subject over which the statute has not given that court jurisdiction.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*